## CHARLES S. POTTER, Respondent, v. HENRY W. SEALE, Appellant.

It is a proper exercise of power in a Court to grant a new trial on the ground of excessive damages, when the verdict is grossly inconsistent in its relation to the facts.

APPEAL from the District Court of the Fourth Judicial District, San Francisco County.

Action for damages, for a malicious prosecution of plaintiff by the defendant.

The facts are fully set forth in the opinion of the Court.

*Cook* and *Olds*, for Appellant.

*Tingley* and *Campbell*, for Respondent.

No briefs on file.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

The power of the Court to grant a new trial on the ground of excessive damages, is seldom exercised. This results as much from the paucity of cases in which such a complaint is made, as from the indisposition of Judges to interfere with the measure of damages which result from the deliberation of a jury. But there occasionally occur cases, in which even this diffidence on the part of Courts of law, is totally overcome by the gross inconsistency of the verdict in its relation to the facts. This case is essentially one of that description. The conduct of the plaintiff in reference to his business transaction with the defendant, was reprehensible in the last degree, and we should be sorry to think that the commercial morality of the age could tolerate it in any other aspect than as dishonorable and unconscientious. He holds the defendant's notes for the important sum of four thousand dollars. As a favor, when they become due he asks and obtains payment, without being able to deliver the notes, because they were in pledge, from which he promises to relieve them and deliver them up. After repossessing himself of them, he not only refuses to deliver them to the defendant, but uses, to the defendant's agent who demands them, the most insulting language. The only excuse which is offered for this gross misconduct, as shown by the evidence, consists of a declaration which the plaintiff makes to his own brother, to the effect that the defendant owed him some sum less than one hundred dollars, and for that reason, alone, he refused to deliver the notes. At the same time there is nothing to show that he ever demanded this small sum from the defendant, or was refused the payment of it;—nor did he assign that as a reason for his conduct when the notes were demanded by the defendant's agent.

Taking all the circumstances together, it is not at all surprising that the defendant imagined that he was to be the victim of a fraud, and his consequent prosecution of the plaintiff before the Recorder was entirely excusable, if not altogether warranted by the treatment which had been dealt out to him. The notes having been paid, the duty of the plaintiff was to deliver them up, according to every principle of fair dealing. If his claim of less than a hundred dollars was valid, he

might coerce it by legal proceedings. But it gave him no right to extract it by this species of threat.

Every sound reason concurred in inducing a man of honorable feelings to surrender the notes. First, they had been paid,—that was enough. Second, their delivery had been promised,—that was only additional to the first obligation. Third, their payment under the circumstances, without being present to be delivered, created an obligation of gratitude, which lends a moral weight to the defendant's right, the disregard of which, casts a load of obloquy on the plaintiff greater than his legal delinquency.

The result of our conclusions is, that the judgment is reversed and the cause remanded.